CASE NO. 24-13197

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

YVONNE M. WEST,

*Plaintiff – Appellant*,

v.

DEKALB COUNTY, GEORGIA, *et al.*,

*Defendants – Appellees.*

---

Appeal from the United States District Court for the Northern District of Georgia
District Court Case No. 1:23-CV-01907-LMM

---

**BRIEF OF APPELLEES KEVIN FLEMING, PHILLIP DITMORE,
DAVID KELLEY, TIFFANY PAYNE PINKSTON,
MELISSA VAN WIE, AND JASON WINKLER**

---

Elizabeth Fite
**KUTAK ROCK LLP**
3424 Peachtree Road, NE
Suite 900
Atlanta, GA  30326
Telephone: (404) 222-4600
Facsimile: (404) 222-4654
Elizabeth.Fite@KutakRock.com

Caleb S. Sugg
**KUTAK ROCK LLP**
1277 E. Joyce Blvd.,
Suite 300
Fayetteville, Arkansas 72703
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Caleb.Sugg@KutakRock.com

*Counsel for Appellees Kevin Fleming, Phillip Ditmore, David Kelley, Tiffany Payne Pinkston, Melissa Van Wie, and Jason Winkler*

<u>**CERTIFICATE OF INTERESTED PARTIES
AND CORPORATE DISCLOSURE**</u>

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed.  Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.**  In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

    1.      Bozeman, Robert O. (Attorney)

    2.      Britt, Russell A. (Attorney)

    3.      Burton, Joshua (an unserved defendant, but not Appellee)

    4.      Davis, Mawuli Mel (Attorney)

    5.      The Davis Bozeman Law Firm, PC

    6.      DeKalb County, Georgia (Appellee)

    7.      Ditmore, Phillip (Appellee)

    8.      Fite, Elizabeth L. (Attorney)

    9.      Fleming, Kevin (Appellee)

    10.    Hall Booth Smith, P.C.

    11.    Jones, Curtis (Appellee)

    12.    Kelly, David (Appellee)

13.    Kutak Rock LLP

14.    Lakatos, Jonah (an unserved defendant, but not Appellee)

15.    Lattimore, Timothy (Appellee)

16.    May, Hon. Leigh Martin (USDC Judge)

17.    Moore, Leighton (Attorney)

18.    The Moore Law Firm, PC

19.    Paxton, Deion (Appellee)

20.    Payne, Tiffany (Appellee)

21.    Spence, Harold W. (Attorney)

22.    Sugg, Caleb S. (Attorney)

23.    Van Wie, Melissa (Appellee)

24.    Ware, R. David (Attorney)

25.    West, Yvonne M. (Appellant)

26.    Wiggins Law Group, LLC

27.    Wiggins, Cary S. (Attorney)

28.    Williams, M. (Appellee)

29.    Williams, Brandon W. (an unserved defendant, but not Appellee)

30.    Winkler, Jason (Appellee)

31.    No publicly traded company or corporation has an interest in the outcome of this case or appeal.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument would not significantly assist the Court in rendering a decision on the issues in this appeal, which are not unique or complex. The parties' briefs and the record below sufficiently inform the Court of the issues and the parties' arguments, rendering oral argument unnecessary.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PARTIES  AND CORPORATE DISCLOSURE ...................................................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................... I

TABLE OF CONTENTS ....................................................................... II

TABLE OF CITATIONS ...................................................................... III

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES .............................................................2

STATEMENT OF THE CASE .................................................................3

    (i)     Course of Proceedings and Disposition Below. ..................4

    (ii)    Statement of Facts. ...............................................................7

    (iii)   Standard of Review. .............................................................9

SUMMARY OF THE ARGUMENT ......................................................10

ARGUMENT ........................................................................................12

    I.     The Court Lacks Jurisdiction to Consider the District Court's First Dismissal Order and Second Dismissal Order ..........................12

    II.    The District Court Correctly Dismissed West's Claims Based on Qualified Immunity. ......................................................16

        A.    Qualified Immunity .................................................16

        B.    Excessive Force .......................................................18

        C.    Failure to Intervene. ................................................28

        D.    Deliberate Indifference to Medical Needs ..............29

CONCLUSION ......................................................................................33

CERTIFICATE OF COMPLIANCE .....................................................35

CERTIFICATE OF SERVICE ..............................................................36

## <u>TABLE OF CITATIONS</u>

**Cases:**                                                                      **Page(s)**

*Access Now, Inc. v. Sw. Airlines Co.*,
    385 F.3d 1324 (11th Cir. 2004) ................................................................... 28

*Amiri v. Gupta*,
    No. 21-13301, 2022 WL 3711893 (11th Cir. Aug. 29, 2022) ................ 12, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................... 10

*Ashcroft v. al-Kidd*,
    563 U.S. 731 (2011) ....................................................................................... 19

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*,
    953 F.3d 707 (11th Cir. 2020) ................................................................. 13, 14

*Baker v. City of Madison, Alabama*,
    67 F.4th 1268 (11th Cir. 2023) ................................................................. 9, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................... 10

*Bonner v. City of Prichard*,
    661 F.2d 1206 (11th Cir. 1981) ..................................................................... 13

*Bradley v. Benton*,
    10 F.4th 1232 (11th Cir. 2021) .............................................................. passim

*Burlison v. U.S. Atty. Gen.*,
    471 F.App'x 878 (11th Cir. 2012) ............................................... 13, 14, 15, 16

*Bussey-Morice v. Kennedy*,
    657 F.App'x 909 (11th Cir. 2016) ........................................................... 28, 29

*C.A. May Marine Supply Co. v. Brunswick Corp.*,
    649 F.2d 1049 (5th Cir. 1981) ....................................................................... 13

*Case v. Eslinger*,
    555 F.3d 1317 (11th Cir. 2009) ....................................................................17

*Callwood v. Jones*,
    727 F.App'x 552 (11th Cir. 2018) .........................................................passim

*Christmas v. Harris County, Georgia*,
    51 F.4th 1348 (11th Cir. 2022) ....................................................................18

*Cottrell v. Caldwell*,
    85 F.3d 1480 (11th Cir. 1996) ...............................................................26, 27

*Courson v. McMillian*,
    939 F.2d 1479 (11th Cir. 1991) ...............................................................9, 32

*Davis v. Scherer*,
    468 U.S. 183 (1984)....................................................................................25

*District of Columbia v. Wesby*,
    583 U.S. 48 (2018) ......................................................................................19

*Gilmore v. Hodges*,
    738 F.3d 266 (11th Cir. 2013) .....................................................................30

*Grider v. City of Auburn*,
    618 F.3d 1240 (11th Cir. 2010) ...................................................................18

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)......................................................................16, 17, 32

*Henley v. Payne*,
    945 F.3d 1320 (11th Cir. 2019) ...............................................................9, 10

*Holloman v. Harland*,
    370 F.3d 1252 (11th Cir. 2004) ...................................................................18

*Ingram v. Kubik*,
    30 F.4th 1241 (11th Cir. 2022) ..............................................................19, 20

*Jackson v. Cowan*,
No. 19-13181, 2022 WL 3973705 (11th Cir. Sept. 1, 2022)..............24, 25

*Lee v. Ferraro*,
284 F.3d 1188 (11th Cir. 2002)...................................................................19

*Lewis v. City of West Palm Beach, Fla.*,
561 F.3d 1288 (11th Cir. 2009).........................................................passim

*Loftus v. Clark-Moore*,
690 F.3d 1200 (11th Cir. 2012)..................................................................20

*Lombardo v. City of St. Louis, Missouri*,
594. U.S. 464 (2021) ...........................................................................23, 24

*Long v. Slaton*,
508 F.3d 576 (11th Cir. 2007) ...................................................................23

*Mann v. Taser Int'l, Inc.*,
588 F.3d 1291, 1305 (11th Cir. 2009).........................................................17

*McCullough v. Antolini*,
559 F.3d 1201 (11th Cir. 2009)..................................................................23

*Mercado v. City of Orlando*,
407 F.3d 1152 (11th Cir. 2005)..................................................................20

*Merricks v. Adkisson*,
785 F.3d 553 (11th Cir. 2015) ...................................................................21

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) ................................................................................... 9

*Molette v. Georgia*,
469 F.App'x 766 (11th Cir. 2012) .......................................................passim

*Moton v. Cowart*,
631 F.3d 1337 (11th Cir. 2011) .................................................................13

*Mullenix v. Luna*,
    577 U.S. 7 (2015) ...................................................................19, 20

*Myrick v. Fulton Cnty., Georgia*,
    69 F.4th 1277 (11th Cir. 2023) .....................................11, 18, 19, 25

*O'Laughlin v. Palm Beach Cnty.*,
    No. 24-10295, 2025 WL 560284 (11th Cir. Feb. 20, 2025).........................28

*Osterneck v. E.T. Barwick Indus., Inc.*,
    825 F.2d 1521 (11th Cir. 1987) .......................................12, 13, 14

*Osterneck v. Ernst & Whinney*,
    489 U.S. 169 (1989)...........................................................12, 13

*Pair v. City of Parker FL Police Dep't*,
    383 F.App'x 835 (11th Cir. 2010) ...................................................17

*Patel v. City of Madison*,
    959 F.3d 1330 (11th Cir. 2020) ...........................................passim

*Pearson v. Callahan*,
    555 U.S. 223 (2009)...........................................................17, 18

*Peete v. Metro. Gov't of Nashville*,
    486 F.3d 217 (6th Cir. 2007) ..................................................27, 31

*Priester v. City of Riviera Beach, Fla.*,
    208 F.3d 919 (11th Cir. 2000) .................................19, 21, 22, 26

*Riley v. Newton*,
    94 F.3d 632 (11th Cir. 1996) ......................................................28

*Sebastian v. Ortiz*,
    918 F.3d 1301 (11th Cir. 2019) ......................................21, 28, 29

*Smith v. Mattox*,
    127 F.3d 1416 (11th Cir.1997) .........................................20, 21

vi

*Tealer v. Byars*,
    No. 23-10129, 2025 WL 416815 (11th Cir. Feb. 6, 2025)............................28

*Tennessee v. Garner*,
    471 U.S. 1 (1985) ...................................................................................25, 26

*Terrell v. Smith*,
    668 F.3d 1244 (11th Cir. 2012) ...............................................................23

*Tillis v. Brown*,
    12 F.4th 1291 (11th Cir. 2021)....................................................................9

*United States v. Godoy,*
    821 F.2d 1498 (11th Cir. 1987) ...........................................................17, 18

*Vera v. Mkt. Wood LLC*,
    No. 22-14088, 2023 WL 3596431 (11th Cir. May 23, 2023) .....11, 14, 15, 16

*Wade v. Daniels*,
    36 F.4th 1318, 1326 (11th Cir. 2022)..................................................30, 31, 32

*Waldron v. Spicher*,
    954 F.3d 1297 (11th Cir. 2020)..................................................................20

*Willams v. Radford*,
    64 F.4th 1185 (11th Cir. 2023).............................................................28, 29

**Statutes**

28 U.S.C. § 1331 ..........................................................................................1

42 U.S.C. §12132.......................................................................................1, 3

42 U.S.C. §12133.......................................................................................1, 3

42 U.S.C. § 1983.....................................................................................passim

42 U.S.C. § 1988.........................................................................................4

**Rules**

Fed. R. App. P. 3 ................................................................................12

Fed. R. Civ. P. 12 ........................................................................9, 10

Fed. R. Civ. P. 32 ..............................................................................35

11th Cir. R. 28-5 ..................................................................................3

## JURISDICTIONAL STATEMENT

Pursuant to 28 U.S.C. § 1331, the District Court had federal question jurisdiction over Plaintiff-Appellant Yvonne M. West's claims brought under 42 U.S.C. §§12132-12133 and 42 U.S.C. § 1983. West's notice of appeal identifies only the District Court's Order granting Appellee-Defendant Kevin Fleming's motion to dismiss (Doc. 83) and the clerk's judgment dismissing Fleming (Doc. 84), but nothing on the face of the notice of appeal identifies the District Court's orders dismissing the other defendants below (Docs. 66, 80). Doc. 85. Accordingly, this Court has appellate jurisdiction over only the District Court's Order granting Appellee-Defendant Kevin Fleming's motion to dismiss (Doc. 83) and the clerk's judgment dismissing Fleming (Doc. 84). The Court lacks jurisdiction to consider the District Court's orders dismissing the other defendants below. *See* Docs. 66 and 80; *see also Molette v. Georgia*, 469 F.App'x 766, 767 (11th Cir. 2012) ("because nothing on the face of the notice otherwise evidenced that he also intended to appeal the court's June 2010 order, we lack jurisdiction to consider [it].").

1

## <u>STATEMENT OF THE ISSUES</u>

I.     Plaintiff-Appellant Yvonne M. West's Notice of Appeal identifies only the District Court's Order granting Appellee-Defendant Kevin Fleming's motion to dismiss and the clerk's judgment dismissing Fleming. There is no indication on the face of the Notice of Appeal that West intended to appeal the District Court's previous dismissals of the other defendants below. Does the Court have jurisdiction to consider only the District Court's dismissal of Fleming?

II.     Plaintiff-Appellant, Yvonne M. West, failed to establish that the alleged constitutional violation was clearly established. Thus, the District Court determined the individual defendants below are entitled to qualified immunity and dismissed West's excessive force claim. Because West failed on her claim of excessive force, the District Court determined that there was no duty to intervene and dismissed West's failure to intervene claim. The District Court also dismissed West's deliberate indifference to medical needs claim against Phillip Ditmore and Tiffany Payne Pinkston because West failed to show their conduct violated clearly established law. Did the District Court properly dismiss West's above-referenced claims?

## STATEMENT OF THE CASE

This matter arose from a suit initiated by Plaintiff-Appellant Yvonne M. West ("West") against DeKalb County, Georgia, as well as DeKalb County police and fire personnel in connection with the death of Mr. Jamon West ("Mr. West"). Doc. 1.[1] The District Court disposed of West's claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12132-13133, and the Civil Rights Act of 1871, 42 U.S.C. §1983, in three (3) separate orders of dismissal. Docs. 66, 80, and 83. The District Court entered the first on February 2, 2024, (Doc. 66), and the second on August 1, 2024. Doc. 80. Together those orders dismissed West's claims against all defendants except Kevin Fleming. The District Court then entered the third order on September 16, 2024, granting Fleming's motion to dismiss, determining that Fleming is entitled to qualified immunity, and dismissing West's claims against Fleming. Doc. 83. Later that day, the Clerk of Court entered a judgment dismissing

---

[1] Pursuant to 11th Cir. R. 28-5, record references to pleadings and other court papers have been made by referring to the document number and page number within the document. The abbreviation "Doc." stands for the document number as shown on the United States District Court for the Northern District of Georgia's docket sheet for the suit styled, *Yvonne M. West v. Dekalb County, Georgia, et al.*, No. 1:23-cv-01907-LMM, and is followed by the page number as identified in the District Court's document header. Where appropriate, paragraph number will be indicated by "¶" followed by the paragraph number (e.g. "Doc. 28, at ¶1"). Any references to pleadings and other filings in this appeal are indicated by the Electronic Case Filing Number, using the abbreviation "ECF No." as shown on this Court's docket sheet and are followed by the page number as identified in the document header (e.g. "ECF No. 24, at 12").

Fleming. Doc. 84. On September 27, 2024, West filed her notice to appeal the District Court's third order and judgment dismissing Fleming. Doc. 85 ("Notice of Appeal") (citing Docs. 83 and 84).

**(i)    Course of Proceedings and Disposition Below.**

West initiated the action below on April 26, 2023, and amended the complaint on July 17, 2023. Doc. 1; Doc. 28 ("Amended Complaint"). The Amended Complaint contains seven (7) counts. West asserts the first three against DeKalb County: discrimination under Title II of the ADA (Doc. 28, ¶¶58-82) (Count I); failure to accommodate under Title II of the ADA (Doc. 28, ¶¶83-104) (Count II); and failure to train pursuant to section 1983 (Doc. 28, ¶¶105-112) (Count III).

Next, West asserts Counts IV-VI against the individual defendants below. In Count IV, West asserts a section 1983 excessive force claim against Ditmore, Lakatos, Winkler, Kelly, Van Wie, Fleming, Williams, and Officer Lattimore.[2] Doc. 28, ¶¶113-139. In Count V, West asserts a section 1983 claim of deliberate indifference to medical needs against Ditmore and Payne. Doc. 28, ¶¶128-139. In Count VI, West asserts a section 1983 claim for failure to intervene against all individual defendants below. Doc. 28, ¶¶140-144.

Finally, in Count VII, West asserts a claim for attorneys' fees and expenses under 42 U.S.C § 1988. Doc. 28, ¶¶145-146.

---

[2] West never served Williams or Officer Lattimore.

On July 31, 2023, Defendants-Appellees filed two motions to dismiss: first, by DeKalb County, Georgia; Officer Curtis Jones; Officer Timothy Lattimore, Officer Deion Paxton, and Sergeant M. Williams ("Sergeant Williams") (Doc. 41);[3] next by Phillip Ditmore, David Kelley, Jason Winkler[4], Tiffany Payne Pinkston, and Melissa Van Wie (collectively, the "Firefighters"). Doc. 43.

With respect to the remaining defendants, Kevin Fleming, Jonah Lakatos, Brandon W. Williams,[5] and Joshua Burton (collectively, the "Remaining Defendants"), West sought an extension of time to perfect service. Doc. 59. The District Court entered an order later that day granting West an additional 60 days (or until December 22, 2023) to serve the Remaining Defendants. Doc. 60. But the Remaining Defendants were not served during that time.

The District Court then ordered West to show cause why the claims against the Remaining Defendants should not be dismissed within ten (10) days of January 3, 2024. Doc. 61. West timely responded, (Doc. 62), and the District Court again granted West additional time, until February 26, 2024, to serve the Remaining

---

[3] These defendants are represented by separate counsel, who will file a separate brief regarding the claims asserted against them.

[4] Winkler joined the motion to dismiss, although he alleged that he was not personally served as indicated in the filed Return of Service. After filing his Motion to Dismiss, Winkler accepted service and filed a renewed and restated Motion to Dismiss on October 10, 2023. (Doc. 57).

[5] For purposes of clarity, Brandon W. Williams is referred to as "Williams", whereas Sergeant M. Williams is referred to as "Sergeant Williams".

Defendants. Doc. 63. But before that time expired, the District Court entered an order granting the motions to dismiss and directing the clerk to close the case on February 2, 2024. Doc. 66 ("First Dismissal Order"). The clerk entered a judgment dismissing the action on the same day. Doc. 67 ("First Judgment").

Also on that same day, February 2, 2024, West served Fleming, although no return of service was filed. Doc. 68, at 2. Out of an abundance of caution, Defendant Fleming then filed his own Motion to Dismiss, incorporating the motions to dismiss filed by the other firefighters: Ditmore, Payne, Winkler, Van Wie, and Kelly. Doc. 68.

West then filed a notice of appeal identifying the First Dismissal Order (Doc. 66) and First Judgment (Doc. 67). Doc. 69. This Court, in case number 24-10682, dismissed West's appeal of the First Dismissal Order for lack of jurisdiction. Doc. 74, at 2 ("Because this extension of the time to serve had not yet expired at the time the district court entered [the First Dismissal Order], that order is not final or otherwise immediately appealable even if only unserved defendants remained.").

Thereafter, the District Court entered a second dismissal order on August 1, 2024, amending the First Dismissal Order. Doc. 80 ("Second Dismissal Order"). Recognizing that the First Dismissal Order failed to address pending claims against the Remaining Defendants, the Second Dismissal Order, in Part I, dismissed all defendants below except for the Remaining Defendants. Doc. 80, at 2. It further

6

vacated in part the First Dismissal Order, "so far as it directs the Clerk to close the case," and vacated the First Judgment. Doc. 80, at 2. Then in Part II, as to one of the Remaining Defendants, Fleming, the Second Dismissal Order established deadlines for briefing on Fleming's motion to dismiss. Doc. 80, at 2. And in Part III, the Second Dismissal Order dismissed the other three Remaining Defendants—Lakatos, Williams, and Burton—because West failed to serve them. Doc. 80, at 3.

Then, on September 16, 2024, the District Court entered a third dismissal order, dismissing all claims against Fleming. Doc. 83 ("Third Dismissal Order"). The District Court determined that Fleming is entitled to qualified immunity on West's excessive force claim (Count IV) and failure to intervene claim (Count VI). Doc. 83, at 11-12. The District Court thus concluded: "Defendant's Motion to Dismiss [68] is **GRANTED**; Defendant Kevin Fleming is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case." Doc. 83, at 12 (emphasis in original).

On September 27, 2024, West filed her Notice of Appeal identifying only Third Dismissal Order (Doc. 83) and Fleming Judgment (Doc. 84). Doc. 85.

**(ii)** **Statement of Facts.**

The relevant events occurred on August 15, 2019. Doc. 28, 19. According to the allegations in the Amended Complaint, Plaintiff-Appellant West—Mr. West's mother—called 911 because Mr. West suffered an "episode of behavioral crisis."

7

Doc. 28, ¶¶19, 22. West advised the 911 operator that "her son was having a seizure, that she could not control him, and that she needed help." Doc. 28, ¶22.

DeKalb County Fire Rescue firefighters Winkler and Lakatos initially responded to the call. Doc. 28, ¶24. Upon their arrival, Winkler and Lakatos encountered Mr. West in a "highly agitated, hyperactive, confused" state. Doc. 28, ¶24. And Mr. West was "not in control of his behavior." Doc. 28, ¶24. The Second Amended Complaint described Mr. West's condition as "an episode of behavioral crisis commonly known in the law-enforcement community as 'excited delirium'." Doc. 28, ¶19.

Winkler and Lakatos attempted to restrain Mr. West in a "prone position, face down on the ground." Doc. 28, ¶28, 41. At that time, additional firefighters arrived, including Ditmore, Kelley, and Van Wie. Doc. 28, ¶29. Together the "four or five" firefighters were able to physically restrain Mr. West by "applying force to all four extremities and to his back." Doc. 28, ¶¶28-30.

West alleges that Ditmore took command of the scene and "directed" Pinkston, the "emergency medical technician," to administer a chemical restraint: a sedative in a "dose permitted by DeKalb County policy." Doc. 28, ¶¶34-36, 129. And officers with the DeKalb County Police Department arrived at the scene. Doc. 28, ¶39. Officer Lattimore and Officer Williams, assisted by Ditmore, handcuffed

Mr. West's hands behind his back. Doc. 28, ¶¶40-41. Additional police officers arrived for support. Doc. 28, ¶49.

After the effects of the sedative kicked in and "Mr. West was calm," the handcuffs were removed and replaced with soft restraints. Doc. 28, ¶¶50-52. Then, "[a]s Defendants were beginning to transport Mr. West across his mother's yard, his respiratory rate dropped and he went into cardiac arrest." Doc. 28, ¶53. Mr. West was transported to the hospital, where he lingered in a coma for a period of days and died on August 25, 2019. Doc. 28, ¶54.

**(iii)    Standard of Review.**

This Court assesses its own jurisdiction *de novo*. *Tillis v. Brown*, 12 F.4th 1291, 1296 (11th Cir. 2021). This Court also reviews the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim *de novo*. *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023) (affirming the dismissal of excessive force and failure to intervene claims for failure to state a claim ). With respect to the District Court's decision to grant the defense of qualified immunity on a motion to dismiss, "qualified immunity 'turns on an issue of law,'" and this Court reviews that decision *de novo*. *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). And the Court may affirm the District Court "'on any basis in the record, regardless of whether the district court actually relied upon that basis in dismissing

the plaintiff's claim.'" *Baker*, 67 F.4th at 1276 (quoting *Henley v. Payne*, 945 F.3d 1320, 1333 (11th Cir. 2019)).

Under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required, this standard requires the complaint to present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations must "raise a right to relief above the speculative level" and provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court is not required to accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's dismissal of Appellant Yvonne M. West's ("West") Amended Complaint.

As a preliminary matter, West makes several arguments that are not properly before the Court. West specifically identified the Third Dismissal Order (Doc. 83) and Fleming Judgment (Doc. 84) in her Notice of Appeal. Doc. 85. But nothing on the face of the Notice of Appeal identifies the District Court's First Dismissal Order (Doc. 66), First Judgment (Doc. 67), or Second Dismissal Order (Doc. 80). *See*

*Molette v. Georgia*, 469 F.App'x 766, 767 (11th Cir. 2012). The Court therefore lacks jurisdiction to consider any arguments attacking the First Dismissal Order (Doc. 66) or Second Dismissal Order (Doc. 80). *See Vera v. Mkt. Wood LLC*, No. 22-14088, 2023 WL 3596431, at *2 n.2 (11th Cir. May 23, 2023). Accordingly, the only decision properly before the Court is the Third Dismissal Order (Doc. 83). As a result, the Court need only address West's third point on appeal concerning the District Court's application of qualified immunity to Appellee Fleming.

This Court should affirm the District Court's application of qualified immunity to dismiss West's claims against Appellees Fleming and (if jurisdiction is found to exist) the Firefighters.[6] First, the District Court correctly determined that Fleming and the Firefighters are entitled to qualified immunity and dismissed West's excessive force claim because West cannot show a violation of a clearly established constitutional right. *See Myrick v. Fulton Cnty., Georgia*, 69 F.4th 1277, 1297 (11th Cir. 2023). Second, the District Court properly dismissed West's failure to intervene claim because there is no duty to intervene without a violation of a clearly established right. *See Callwood v. Jones*, 727 F.App'x 552, 558 (11th Cir. 2018). Third, the District Court correctly determined that Ditmore and Payne are entitled to

---

[6] Notwithstanding that Section I of this Answer Brief argues that the Court lacks jurisdiction over all defendants, except for Fleming, to the extent the Court determines that it has jurisdiction over all defendants, and for purposes of brevity, this Answer Brief addresses arguments as against Fleming and the Firefighters.

qualified immunity and dismissed West's deliberate indifference to medical needs claim because West failed to show that Ditmore and Payne violated clearly established law.

## **ARGUMENT**

### I.    **The Court Lacks Jurisdiction to Consider the District Court's First Dismissal Order and Second Dismissal Order.**

The Court lacks jurisdiction to consider the District Court's First Dismissal Order (Doc. 66) and Second Dismissal Order (Doc. 80). Accordingly, any arguments West raises on appeal attacking those orders are not properly before this Court.

A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). The Eleventh Circuit has jurisdiction to review only "the judgments, orders, or portions thereof which are specified in an appellant's notice of appeal." *Amiri v. Gupta*, No. 21-13301, 2022 WL 3711893, at *1 (11th Cir. Aug. 29, 2022) ("Because we lack jurisdiction to consider any order other than the Rule 60 order that Amiri specified in his notice of appeal, his arguments concerning the underlying judgment are outside our scope of review."). "'Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice.'" *Molette*, 469 F.App'x at 767 (quoting *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528

(11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989)).

When a notice of appeal identifies the final, appealable order, this Court has jurisdiction to review that order and "any earlier interlocutory orders that produced the judgment." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 725 (11th Cir. 2020). But "[w]here the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).[7]

Similarly, when a notice of appeal names a specific order to be appealed, this Court "must infer that the appellant did not intend to appeal other unmentioned orders or judgments." *Osterneck*, 825 F.2d at 1528; *Amiri*, 2022 WL 3711893, at *1; *see also Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (explaining that when the appellant listed a specific order in his pro se notice of appeal, the Court lacked jurisdiction to review claims that were dismissed in an earlier unnamed order). If the appellant's intent to appeal an order is not evident on the face of the notice of appeal, this Court has held that it lacks jurisdiction to consider that order.

---

[7] "This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)." *Osterneck*, 825 F.2d at 1529.

13

*See Molette*, 469 F.App'x at 767-68 ("because nothing on the face of the notice otherwise evidenced that he also intended to appeal the court's June 2010 order, we lack jurisdiction to consider [it]."); *see also Burlison v. U.S. Atty. Gen.*, 471 F.App'x 878, 879 (11th Cir. 2012) ("Because nothing on the face of [appellant's] notice of appeal demonstrated an overriding intent to appeal the district court's [] March order . . . we lack jurisdiction to consider [appellant's] arguments about that order on appeal."); *Vera*, 2023 WL 3596431, at *2 n.2 ("Because Vera did not mention in his notice of appeal that he was appealing the district court's February 3 dismissal order, nor attach that order to the notice of appeal, we lack jurisdiction to review that order.").

The Court lacks jurisdiction to consider the District Court's First Dismissal Order (Doc. 66) and Second Dismissal Order (Doc. 80). West's Notice of Appeal identifies "the final order (Doc. 83) and judgment (Doc. 84) of the District Court entered in this action on September 16, 2024." Doc. 85. At the outset, this is not the situation where a notice of appeal designates the final judgment and the Court reviews interlocutory orders that produced the judgment. *See Auto. Alignment*, 953 F.3d at 725. Because West specifically listed only the Third Dismissal Order and Fleming Judgment, the Court "must infer that the [West] did not intend to appeal other unmentioned orders or judgments." *Osterneck*, 825 F.2d at 1528.

Nothing on the face of the Notice of Appeal demonstrates any intent to appeal the District Court's First Dismissal Order (Doc. 66) and Second Dismissal Order (Doc. 80) either. *See Molette*, 469 F.App'x at 767-68. The Notice of Appeal does not identify the District Court's First Dismissal Order (Doc. 66) and Second Dismissal Order (Doc. 80). *See* Doc. 85. And West did not attach either to the Notice of Appeal. The District Court's Third Dismissal Order and Fleming Judgment explicitly apply only to Fleming and have nothing to do with the other defendants below. Doc. 85, at 1 ("This case comes before the Court on Defendant Kevin Fleming's Motion to Dismiss." (citing Doc. 68)); Doc. 84 ("**Ordered and Adjudged** that Defendant Kevin Fleming is dismissed." (emphasis in original)). Only in a footnote did  the District Court mention that it would not reconsider its rulings regarding the other defendants in the absence of a properly supported motion for reconsideration.  Doc. 83, at 4 n. 2).

Without any evidence of an intent to appeal the First Dismissal Order and Second Dismissal Order on the face of the Notice of Appeal, this Court should not expand the Notice of Appeal to include those unspecified orders. *See Molette*, 469 F.App'x at 767.

Because West did not mention in the Notice of Appeal that she was appealing the District Court's First Dismissal Order (Doc. 66) and Second Dismissal Order (Doc. 80), the Court lacks jurisdiction to review those orders and any of West's

arguments about those orders on appeal. *Vera*, 2023 WL 3596431, at *2 n.2; *see also Burlison*, 471 F.App'x at 879. Accordingly, the only decision properly before the Court is the District Court's Third Dismissal Order dismissing Fleming. The Court's jurisdiction in this appeal is thus limited to West's arguments concerning Fleming and the District Court's application of qualified immunity to Fleming.

## II. The District Court Correctly Dismissed West's Claims Based on Qualified Immunity.

This Court should affirm the District Court's dismissal of West's claims of excessive force and failure to intervene against Fleming and the Firefighters.[8] The District Court properly determined that the force used against Mr. West did not violate a clearly established constitutional right, and therefore qualified immunity bars West's claim of excessive force. In turn, because there was no excessive force, the District Court rightly dismissed West's failure to intervene claim. Similarly, the District Court properly dismissed West's claim of deliberate indifference to medical need against Ditmore and Payne because they are entitled to qualified immunity.

### A. Qualified Immunity.

The doctrine of qualified immunity shields public officials "from liability in § 1983 actions as long 'as their conduct does not violate clearly established statutory

---

[8] Notwithstanding that Section I of this Brief argues that the Court lacks jurisdiction over all defendants, except for Fleming, to the extent the Court determines that it has jurisdiction over all defendants, and for purposes of brevity, this Brief addresses arguments as against Fleming and the Firefighters.

or constitutional rights of which a reasonable person would have known.'" *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1292 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances two important public interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

This Court applies a two-step analysis to qualified immunity. *Callwood*, 727 F.App'x at 558. First, government officials must show that they were acting within the scope of their discretionary authority when the alleged wrongful act occurred. *Case v. Eslinger,* 555 F.3d 1317, 1325 (11th Cir. 2009); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009); *see also Pair v. City of Parker FL Police Dep't*, 383 F.App'x 835, 838-39 (11th Cir. 2010) (explaining that an official acts within the scope of his discretionary authority if he was "(a) performing a legitimate job-related function that was (b) through means that were within his power to utilize."). Second, once this threshold requirement is satisfied, then the burden shifts to the plaintiff to show that qualified immunity is inappropriate. *Callwood*, 727 F.App'x at 558.

There is no dispute that Fleming acted within his discretionary authority. *See* Doc. 83, at 5. Indeed, West has never asserted that any individual defendant acted

17

outside the scope of their discretionary authority. *See United States v. Godoy*, 821 F.2d 1498, 1504 (11th Cir. 1987) ("The general rule, of course, is that an appellate court will not consider a legal issue unless it was presented to the trial court."). Consequently, West must demonstrate that qualified immunity is inappropriate. *See Callwood*, 727 F.App'x at 558.

To overcome qualified immunity, West "must show that: (1) the defendant violated a constitutional right and (2) this right was clearly established at the time of the alleged violation." *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004); "Both elements must be satisfied for an official to lose qualified immunity." *Grider v. City of Auburn*, 618 F.3d 1240, 1254 (11th Cir. 2010). And the Court may consider these two prongs in any order. *Pearson*, 555 U.S. at 236; *see also Christmas v. Harris County, Georgia*, 51 F.4th 1348, 1354 (11th Cir. 2022) ("We'll start with this second prong because Christmas somehow never argues that Sheriff Jolley violated any law that was 'clearly established.' She's thus forfeited any such argument—which is reason enough to affirm the district court's qualified-immunity finding.").

### B.    Excessive Force.

Like the District Court, this Court does not need to reach the first prong because West failed to demonstrate the second prong—a clearly established right. *See Myrick*, 69 F.4th at 1297 ("We need not decide if one of [the individual's] constitutional rights was violated by the additional restraints because, even if it was,

that right was not clearly established."). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear that every reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)) (cleaned up).

To meet this standard, "a plaintiff must demonstrate that precedent 'developed in such a concrete and factually defined context' made it 'obvious to all reasonable government actors, in the defendant's place, that what he was doing violated federal law.'" *Patel v. City of Madison*, 959 F.3d 1330, 1342-43 (11th Cir. 2020) (quoting *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000)). There are three ways that an official may be considered on notice of a clearly established right. *Ingram v. Kubik*, 30 F.4th 1241, 1252 (11th Cir. 2022); *see also Patel*, 959 F.3d at 1243.

*First*, a right is clearly established if a plaintiff can "point to a materially similar case [that has] already decided that what the police officer was doing was unlawful." *Patel*, 959 F.3d at 1243 (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002)). The Supreme Court "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. at 741; *see also Mullenix v. Luna*,

577 U.S. 7, 12 (2015) (highlighting that materially similar caselaw is "especially important in the Fourth Amendment context.").

**Second**, if there is no materially similar case, a plaintiff may show that a "broader, clearly established principle should control the novel facts in this situation." *Patel*, 959 F.3d at 1343 (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)). The broader principle "must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." *Waldron v. Spicher*, 954 F.3d 1297, 1305 (11th Cir. 2020) (quoting *Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012)). Under either of these scenarios, precedent must come from the United States Supreme Court, the Eleventh Circuit, or the relevant state supreme court. *See Bradley v. Benton*, 10 F.4th 1232, 1242 (11th Cir. 2021).

**Third**, absent a materially similar case or a broader, clearly established principle, a plaintiff can establish that the official's conduct was "so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent." *Ingram*, 30 F.4th at 1252 (quoting *Patel*, 959 F.3d at 1343). For this "narrow exclusion" to apply, "plaintiff must show that the official's conduct was so far beyond the hazy border between excessive and acceptable force that the official had to know he was violating the

Constitution even without case law on point." *Lewis*, 561 F.3d at 1292 (quoting *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir.1997)).

Under all three scenarios, courts in the Eleventh Circuit remain "concerned with ensuring that any officer must have had fair notice, at the time he engaged in his actions, that his challenged conduct amounted to excessive force." *Patel*, 959 F.3d at 1343; *see also Merricks v. Adkisson*, 785 F.3d 553, 559 (11th Cir. 2015) ("precedent must give officials clear warning of unconstitutional conduct." (citation omitted)). Accordingly, this standard is satisfied if every reasonable officer would conclude their conduct was plainly unlawful. *See Priester*, 208 F.3d at 926–27; *see also Patel*, 959 F.3d at 1343 ("Under this test, the law is clearly established and qualified immunity can be overcome only if the standards set forth in relevant precedent 'inevitably lead every reasonable officer in [the defendant's] position to conclude the force was unlawful.'" (quoting *Sebastian v. Ortiz*, 918 F.3d 1301, 1308 (11th Cir. 2019)).

The Court should affirm the District Court's determination that West failed to demonstrate that any alleged constitutional right was clearly established. West alleges that Fleming and the Firefighters violated Mr. West's clearly established rights by *temporarily* restraining him in a prone position and applying pressure on his back. Doc. 28, ¶¶113-115. But every reasonable officer in Fleming's

21

position would not conclude their conduct was plainly unlawful. *See Priester*, 208 F.3d at 926–27.

The Complaint alleges that Fleming and the Firefighters encountered Mr. West in an "excited delirium" and that Mr. West was "highly agitated, hyperactive, confused, and **not in control of his behavior**." Doc. 28, ¶¶19, 24 (emphasis added). Indeed, Mr. West was so out of control, as alleged in the Complaint, that his mother was unable to gain control of him and called 911 for assistance. Doc. 28, ¶ 22. The totality of the circumstances does not "inevitably lead every reasonable officer in [Fleming's] position to conclude the force was unlawful." *Patel*, 959 F.3d at 1343 (quotation omitted). Indeed, it is not objectively unreasonable to conclude that Mr. West was a safety risk to himself and others, which included his mother and those attempting to render aid, requiring the temporary use of hard restraints.

Mr. West was also restrained with his arms behind his back for only enough time for Ditmore to inquire as to the other officers' status and make a status report to Battalion Four, as alleged by West. Doc. 28, ¶¶44-45. As a result, physically restraining Mr. West for a brief time, even in a prone position, was not "so far beyond the hazy border between excessive and acceptable force that [Fleming] had to know he was violating the Constitution even without case law on point." *Lewis*, 561 F.3d at 1292.

West incorrectly contends that the District Court's decision is subject to reversal simply because of administrative guidance or internal policies. *See* ECF No. 24, at 16-28. West cites to this Court's decision in *Bradley v. Benton*, 10 F.4th 1232 (11th Cir. 2021), and *Lombardo v. City of St. Louis, Missouri*, 594. U.S. 464 (2021) (per curiam). However, neither of those decisions can be used to determine what constituted clearly established law at the time of the incident in August 2019, because they were not decided until after that incident. See *Terrell v. Smith*, 668 F.3d 1244, 1256 n.5 (11th Cir. 2012) ("Neither *Long* [*v. Slaton*, 508 F.3d 576 (11th Cir. 2007)] nor *McCullough* [*v. Antolini*, 559 F.3d 1201 (11th Cir. 2009)] had been decided at the time of this incident—meaning that they could not clearly establish the law . . .").

The *Lombardo* Court analyzed the Eighth Circuit's decision to affirm summary judgment in an excessive force case, holding that officers did not apply unconstitutional excessive force. 594. U.S. 466. The *Lombardo* Court criticized the Eight Circuit's decision because, "it is unclear whether the [Eighth Circuit] thought the use of a prone restraint—no matter the kind, intensity, duration, or surrounding circumstances—is *per se* constitutional so long as an individual appears to resist officers' efforts to subdue him." *Id.*, at 467. In doing so, the *Lombardo* Court explained the following:

> well-known police guidance recommending that
> officers get a subject off his stomach as soon as he is
> handcuffed . . . when considered alongside the duration
> of the restraint and the fact that [the suspect] was
> handcuffed and leg shackled at the time, **may be**
> **pertinent to the relationship between the need for the**
> **use of force and the amount of force used**, the security
> problem at issue, and the threat—to both [the suspect]
> and others—reasonably perceived by the officers.

594. U.S. 467-68 (emphasis added). Still, the Court did not answer the express

question at issue in this appeal: "[w]e express no view as to . . . whether [the

suspect's] right to be free of such force in these circumstances was clearly

established at the time of his death." *Id.*, at 468.

In *Bradley*, this Court cited *Lombardo* when analyzing whether an officer

knew that he was using deadly force: "when deciding whether to grant summary

judgment on an excessive force claim, relevant facts include departmental

instructions and other well-known police guidance." *Bradley*, 10 F.4th at 1241

(citing *Lombardo*, 594. U.S. 466-67). But *Bradley* did not hold, or even consider,

that departmental instructions and well-known police guidance alone are

sufficient to establish that a constitutional right was clearly established for

purposes of overcoming qualified immunity. *See Bradley*, 10 F.4th at 1241.

The relevant question under section 1983 is whether there was a violation

of a clearly established constitutional right, not internal policies. *See Jackson v.*

*Cowan*, No. 19-13181, 2022 WL 3973705, at *8 (11th Cir. Sept. 1, 2022) ("The

24

relevant question under [section] 1983, however, is whether the officers violated Mr. Jackson's First Amendment rights, not internal policies."). And the alleged violation of administrative guidance and an internal policy is simply insufficient to established that any conduct on August 15, 2019, violated clearly established law. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."); *see also Myrick*, 69 F.4th at 1297 n.28 ("[The] violation of a local policy or procedure does not automatically mean that [an individual's] constitutional rights were violated. . . . Simply because something is in violation of a policy, or even illegal, does not make it unconstitutional.").

West's reliance on *Bradley* is also troublesome because the Court did not rely on internal policies or administrative guidance to determine that a constitutional right was clearly established. *See* 10 F.4th at 1243. Instead, the Court specifically cited to materially similar precedent from the Supreme Court. *Id.* In *Bradley*, Officer Benton chased Troy Robinson when he fled from a traffic stop, and that chase ended when Officer Benton tased Mr. Robinson as he stood at the top of an eight-foot wall, which caused Mr. Robinson to fall and die. *Id.*

To establish that the tasing violated clearly established law, the Court found materially similar precedent in *Tennessee v. Garner*, 471 U.S. 1 (1985). *See Bradley*, 10 F.4th at 1243. In *Garner*, the Supreme Court held that a police

officer used excessive force when he shot an unarmed man fleeing on foot that was suspected of burglary. *Garner*, 471 U.S. at 21. This Court went on to explain in *Bradley* that the Court was concerned with *Garner*'s analogous facts. *Bradley*, 10 F.4th at 1243. Although *Garner* concerned an officer's use of a gun and *Bradley* involved a taser, this Court in *Bradley* found, "that is a distinction without a difference" because both cases involved the use of deadly force to stop an unarmed individual from fleeing on foot who is not suspected of a crime. *Id.*

Comparing the events of August 15, 2019, to the facts of *Bradley* and *Garner* is mixing oil and water. Nothing about *Bradley* and *Garner* demonstrate a clearly established right here. Indeed, *Bradley* held that *Garner* put Officer Benton "on notice that he could not use deadly force to stop Robinson from running away on foot." *Bradley*, 10 F.4th at 1243. But nothing about the events in *Bradley* and *Garner* put Fleming or any individual defendant below on notice that they could not restrain Mr. West under the circumstances. And nothing about the events in *Bradley* and *Garner* make it obvious to Fleming or any individual defendant below that all reasonable government actors would know that restraining Mr. West under the circumstances would violate federal law. *See Patel*, 959 F.3d at 1342-43; *see also Priester*, 208 F.3d at 926.

In fact, Fleming's conduct as alleged was objectively reasonable under the circumstances. *See e.g. Callwood*, 727 F.App'x at 561 (finding police officers

26

did not violate clearly established law by applying handcuffs, leg irons, and flex cuffs to a suspect whom they believed was suffering from an excited delirium, "suggesting that he also had 'only a tenuous grasp on reality.'" (citations omitted)); *see also Cottrell v. Caldwell*, 85 F.3d 1480, 1492 (11th Cir. 1996) (concluding officers did not use excessive force, although arrestee died of positional asphyxia, where officers placed arrestee in handcuffs and leg restraints after a 20-minute struggle and put him in a prone position in the back of a police car).

Accordingly, the District Court correctly determined that Fleming is entitled to qualified immunity because West failed to demonstrate that the alleged constitutional right violated was clearly established. This Court should therefore affirm the District Court's dismissal of West's excessive force claim.[9]

---

[9] While not binding on this Court, the analysis in *Peete v. Metro. Gov't of Nashville*, 486 F.3d 217 (6th Cir. 2007) is persuasive and supports dismissal of West's Amended Complaint *in toto* against Fleming. In *Peete*, a grandmother called 911 requesting medical assistance because her grandson was experiencing a seizure. The defendants restrained the decedent by applying pressure to his extremities – as well as his head, neck, and shoulders. The first responders then tied his hands and ankles behind his back and continued to apply pressure while failing to check on his breathing. He died as a result of being restrained. The court concluded that "where the purpose is to render solicited aid in an emergency rather than to enforce the law, punish, deter, or incarcerate, there is no federal case authority creating a constitutional liability for the negligence, deliberate indifference, and incompetence alleged in the instant case." *Peete*, 486 F.3d at 221.

### C.    Failure to Intervene.

The Court should also affirm the District Court's dismissal of West's failure to intervene claim.[10] Without an underlying excessive force claim, there can be no claim for failure to intervene. *See Callwood*, 727 F.App'x at 560. This is because "[a]n officer's duty to intervene is triggered when he sees a fellow officer use excessive force." *Callwood*, 727 F.App'x at 560 (citing *Riley v. Newton*, 94 F.3d 632, 635 (11th Cir. 1996). Thus, an official cannot be liable for failing to intervene when no constitutional violation occurred in the first place. *See Tealer v. Byars*, No. 23-10129, 2025 WL 416815, at *10 (11th Cir. Feb. 6, 2025) ("And while Tealer suggests that liability exists for failure to intervene, that too fails when no constitutional violation occurred in the first place."); *see also Willams v. Radford*, 64 F.4th 1185, 1199 (11th Cir. 2023) ("Of course, a failure-to-intervene claim requires an underlying constitutional violation."); *Sebastian*, 918 F.3d at 1312 ("[A]n officer cannot be held liable for failing to stop or intervene when there was no constitutional violation being committed."); *Bussey-Morice v. Kennedy*, 657

---

[10] West appears to have abandoned her failure to intervene claim, as she does not raise any issue with the District Court's decision with respect to the failure to intervene claim. *See O'Laughlin v. Palm Beach Cnty.*, No. 24-10295, 2025 WL 560284, at *1 n.1 (11th Cir. Feb. 20, 2025) (noting that the appellant abandoned a challenge to the district court's ruling by failing to raise it on appeal) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")).

F.App'x 909, 915 (11th Cir. 2016) ("Similarly, when an officer's force does not violate a clearly established right, other officers' failure to intervene does not violate a clearly established right.").

The District Court dismissed West's failure to intervene claim based on the principle above. Doc. 83, at 11-12. "Because [West] failed to satisfy her burden on the underlying excessive force claim, her failure-to-intervene claim must also be dismissed." Doc. 83, at 11. As explained in the previous section, West failed to show that the alleged constitutional right violated was clearly established, and therefore her excessive force claim was properly dismissed because Fleming and the Firefighters are entitled to qualified immunity. Without an underlying constitutional violation, West's claim for failure to intervene must also be dismissed. *See Willams*, 64 F.4th at 1199. In other words, Fleming and the Firefighters, "cannot be held liable for failing to stop or intervene when there was no constitutional violation being committed." *Sebastian*, 918 F.3d at 1312.

Therefore, the District Court properly dismissed West's failure to intervene claim, and this Court should affirm.

### D.    Deliberate Indifference to Medical Needs

To the extent this Court determines that it has jurisdiction over the District Court's First Dismissal Order (Doc. 66), Second Dismissal Order (Doc. 80), and all defendants below, the District Court correctly decided that Ditmore and Payne are

entitled to qualified immunity because West failed to show Ditmore and Payne violated clearly established law by temporarily restraining Mr. West in a prone position and administering a chemical restraint. This Court should therefore affirm the District Court's dismissal of West's claim of deliberate indifference to medical needs against Ditmore and Payne.

The same qualified immunity analysis above applies here. *Gilmore v. Hodges*, 738 F.3d 266, 273 (11th Cir. 2013) ("A claim of deliberate indifference to a serious medical need in violation of the Eighth or Fourteenth Amendments necessarily arises only where the plaintiff is incarcerated, and a qualified immunity defense is generally available to the public official or officials against whom the plaintiff brings suit."). To prevail on a claim for deprivation of medical care, a plaintiff must prove (1) existence of an objectively serious medical need, and (2) that the officer was deliberately indifferent to that need. *Wade v. Daniels*, 36 F.4th 1318, 1326 (11th Cir. 2022).

To prove deliberate indifference, the "plaintiff must present, for each officer, evidence from which a reasonable jury could conclude that (1) the officer was aware of facts from which the inference could be drawn that substantial risk of serious harm exists, (2) the officer actually drew that inference, and (3) the officer disregarded the risk of serious harm, and (4) the officers' conduct amount to more than gross negligence." *Wade*, 36 F.4th at 1326 (citations omitted). "Although it is clearly

30

established that an officer cannot ignore an individual's serious medical condition .

. . we have not drawn *a bright-line rule* on how long before officers must seek

medical care for a suspect that has been shot to constitute deliberate indifference."

*Id.*, at 1328 (emphasis added; internal citation omitted).

West alleged Mr. West suffered from a seizure and excited delirium, which

prompted a call for rescue personnel because "she could not control him, and that

she needed help." Doc. 28, at ¶ 22. There is no allegation that Mr. West was arrested,

incarcerated, or detained for some criminal investigation.[11] Instead, because he

suffered a seizure, Fleming and the Firefighters, including Ditmore and Payne, were

attempting to render medical aid to a patient who was demonstrably "highly

agitated, hyperactive, confused, and not in control of his behavior." Doc. 28, ¶24.

While attempting to render medical aid, Ditmore assisted in physically

restraining Mr. West, and Pinkston administered a chemical restraint. Doc. 28,

¶¶34-35. West alleges that Ditmore "ordered the handcuffs removed and replaced

with soft restraints," before Mr. West's respiratory rate dropped. Doc. 28, ¶¶ 29,

35-36, 52-53.

West failed, however, to point to a "bright-line" rule that the temporary

restraint in a prone position of an individual suffering from a seizure and excited

---

[11] Again, *Peete*, illustrates the tensions in section 1983 jurisprudence regarding medical care rendered in response to a request for emergency assistance rather than "to enforce the law, punish, deter, or incarcerate." 486 F.3d at 221.

delirium, who is also administered a chemical restraint, amounts to deliberate indifference. *See Wade*, 36 F.4th at 1328. West weakly attempts to distinguish *Wade v. Daniels*, interestingly, based on the difference between a police officer and firefighters providing emergency medical services. *See* 36 F.4th at 1328. But West fails to point to any case law in support of this point. And, more importantly, West fails to point to any case law that would provide notice to Ditmore and Payne that they violated Mr. West's constitutional rights; instead, West again cites to an internal policy.

Simply put, that is insufficient to overcome qualified immunity—"The Supreme Court has developed an objective-reasonableness test for evaluating actions of a government official claiming qualified immunity: the official's action must be evaluated against 'clearly established law,' consisting of statutory or constitutional rights that a reasonable person should have known." *Courson*, 939 F.2d at 1487 (quoting *Harlow*, 457 U.S. at 818).

As a result, Ditmore and Payne are entitled to qualified immunity. The Court should accordingly affirm the District Court's dismissal of West's deliberate indifference to medical needs claim against Ditmore and Payne.

32

## <u>CONCLUSION</u>

This Court should affirm the District Court's dismissal of West's Amended Complaint against Fleming and the Firefighters. Only the dismissal of the claims against Fleming is properly before the Court, as only this dismissal was referenced in West's notice of appeal. But even if this Court had jurisdiction over the dismissal of West's claims against the Firefighters, the District Court correctly dismissed West's excessive force claim because Fleming and the Firefighters are entitled to qualified immunity, as West failed to demonstrate the alleged constitutional right violated was clearly established. In turn, the District Court also properly dismissed West's failure to intervene claim against Fleming and the Firefighters because absent excessive force, there was no duty to intervene. Finally, the District Court rightly dismissed West's claim of deliberate indifference to medical needs against Ditmore and Payne because they are entitled to qualified immunity, as West failed to show Ditmore and Payne violated clearly established law.

Date: March 21, 2025                    Respectfully submitted,

                                        **KUTAK ROCK LLP**

                                        /s/ *Caleb S. Sugg*
                                        Elizabeth L. Fite, Esq.
                                        Georgia Bar No. 142347
                                        elizabeth.fite@kutakrock.com
                                        3424 Peachtree Road NE
                                        Suite 900
                                        Atlanta, GA  30326-1132
                                        Telephone: (404) 222-4600
                                        Facsimile: (404) 222-4654

                                        Caleb S. Sugg
                                        1277 E. Joyce Blvd.,
                                        Suite 300
                                        Fayetteville, Arkansas 72703
                                        Telephone: (479) 973-4200
                                        Facsimile: (479) 973-0007
                                        Caleb.Sugg@KutakRock.com

                                        *Counsel for Appellees Kevin Fleming,*
                                        *Phillip Ditmore, David Kelley, Tiffany*
                                        *Payne Pinkston, Melissa Van Wie, and*
                                        *Jason Winkler*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Answer Brief complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(b). This brief contains 7,899 words, including headings, footnotes, and quotations and excluding the portions of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4, according to Microsoft Office 365, the word-processing system used to prepare this brief. This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type and style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using 14 point Times New Roman font.

 /s/ *Caleb S. Sugg*
Caleb S. Sugg

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Brief* has been sent to the following via electronic mail:

Leighton Moore, III
**The Moore Law Firm, PC**
1819 Peachtree St., Suite 403
Atlanta, GA 30309
leighton@moorefirmpc.com

Robert O. Bozeman
Mawuili M. Davis
Harold W. Spense
**The Davis Bozeman Law Firm, PC**
4153 C. Flat Shoals Parkway
Suite 332
Decatur, GA 30034
rbozeman@davisbozemanlaw.com
mdavis@davisbozemanlaw.com
hspence@davisbozemanlaw.com

Cary S. Wiggins
**Wiggins Law Group, LLC**
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303
cary@wigginslawgroup.com

*Attorneys for Plaintiff-Appellant,
Yvonne M. West*

R. David Ware
Russell A. Britt
Pearson K. Cunningham
Mitchell Blake Walker
**Hall Booth Smith, PC**
191 Peachtree St. NE, Suite 2900
Atlanta, GA 30303
dware@hallboothsmith.com
rbritt@hallboothsmith.com
pcunningham@hallboothsmith.com
bwalker@hallboothsmith.com

*Attorneys for Defendants-
Appellees, Dekalb County,
Georgia; Sergeant M. Williams;
Timothy Lattimore; Curtis Jones;
and Deion Paxton*

36

I further certify that one original and 4 copies of the foregoing has been sent via Federal Express Standard Overnight on March 21, 2025, for filing with the Court at the address below:

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia  30303

/s/ *Caleb S. Sugg*
Caleb S. Sugg